UNITED STATES of America,
Plaintiff–Appellee,

v.

Matthew A. CROZIER, Defendant–
Appellant.

United States of America,
Plaintiff–Appellee,

v.

Rodney Coronado, Defendant–
Appellant.

Nos. 06–10490, 06–10520.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 11, 2008 *.

Filed March 3, 2008.

---

* The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Elizabeth R. Berenguer, Esq., Office of the U.S. Attorney, Tucson, AZ, for Plaintiff–Appellee.

Sean Bruner, Esq., Jill E. Thorpe, Esq., Tucson, AZ, for Defendants–Appellants.

Before: SILVERMAN, McKEOWN, and TALLMAN, Circuit Judges.

### MEMORANDUM **

■ First, Appellants challenge the admission at trial of evidence of death threats received by federal officials. Appellants argue that the admission of this evidence violated their right to due process under the Fifth Amendment as well as their rights under the Sixth Amendment's Confrontation Clause. We review for plain error because Appellants did not object at trial that the admission of this evidence violated these particular constitutional rights. *See United States v. Jawara,* 474 F.3d 565, 583 (9th Cir.2007); *United States v. Allen,* 425 F.3d 1231, 1235 (9th Cir.2005). The admission of this evidence was not in error. The evidence was not offered for its truth, there was no implication that Appellants made the threats, and to the extent there was such an implication, the district court gave an appropriate limiting instruction.

■ Second, the statements on the audiotape did not constitute inadmissible hearsay. The district court's conclusion that the statements were admissible under Federal Rule of Evidence 801(d)(2) as statements of a coconspirator during and in furtherance of a conspiracy was not clearly erroneous. Richardson was part of the conspiracy and the statements on the tape concerned either the planning or execution of the conspiracy to sabotage the mountain lion hunt. To the extent the

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

statements on the audiotape were incriminating, they were made during and in furtherance of the conspiracy. *Richardson v. Marsh,* 481 U.S. 200, 208, 107 S.Ct. 1702, 95 L.Ed.2d 176 (1987) (holding that statements by codefendants that do not incriminate the defendant do not present the same Confrontation Clause concerns as those that do).

 Third, the admission of the audiotape did not violate Appellants' rights under the Sixth Amendment's Confrontation Clause. Statements admitted at trial do not violate the Confrontation Clause if they are non-testimonial. *Davis v. Washington,* 547 U.S. 813, 126 S.Ct. 2266, 2273, 165 L.Ed.2d 224 (2006). Statements by a co-conspirator made during and in furtherance of a conspiracy are non-testimonial. *Allen,* 425 F.3d at 1235. The statements on the audiotape were made during and in furtherance of the conspiracy.

Fourth, the district court did not abuse its discretion in concluding that the audiotape was properly authenticated. The tape was found in the backpack of a coconspirator at the time he was arrested, and the tape was still running; the contents of the tape were corroborated by other evidence; an FBI agent familiar with the voices of the defendants testified that he recognized their voices on the tape, *see* Fed.R.Evid. 901(b)(5); and finally, there was ample evidence of chain of custody.

Fifth, there was sufficient evidence to support Appellants' conviction under 18 U.S.C. § 372. A reasonable finder of fact could conclude that each element of the crime was established by the evidence. *Jackson v. Virginia,* 443 U.S. 307, 318–19, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). The district court correctly interpreted the statute to apply to the injuring of property owned by the federal government and in the control of the officer.

Sixth, there was also sufficient evidence that Coronado was guilty of violating 18 U.S.C. § 372. One goal of the conspiracy was to destroy a snare, and Coronado was seen digging in the exact location of a snare, and shortly thereafter, a damaged snare was discovered by agents. From this evidence, a rational juror could conclude beyond a reasonable doubt that Coronado was guilty of this crime.

**AFFIRMED.**